LOWERY GLASCOE V. THE STATE.

No. 4959. Decided April 23, 1919.

1.—Murder—Continuance—Agreement—Practice in District Court.

Where, prior to the conclusion of the trial, the State in open court admitted the truth of the matter which defendant set up in his application for continuance, and which was read to the jury, there was no reversible error.

2.—Same—Argument of Counsel—Bill of Exceptions—Explanation.

Where defendant accepted the court's explanation of his bills of exception to the argument of State's counsel, there was no reversible error.

3.—Same—Motion for New Trial—Re-examination of Witness—Bill of Exceptions.

In the absence of a bill of exceptions to the court's actions in refusing to allow defendant to re-examine a witness, the same cannot be considered; besides, it appears from the record that when said witness testified defendant silently permitted, objectionable matters to be introduced against him and he cannot be heard to complain.

4.—Same—Misconduct of Jury—Statement of Facts—Bill of Exceptions.

In the absence of a statement of facts and bills of exception filed during the term of court at which the case was tried, defendant's complaint of the misconduct of the jury in his motion for new trial cannot be considered.

5.—Same—Bill of Exceptions—Practice on Appeal.

Where appellant's bill of exceptions, containing the facts adduced on his motion for new trial with reference to the misconduct of the jury, was filed after the adjournment of the trial court, the same cannot be considered on appeal.

6.—Same—Continuance—Practice in District Court.

Where appellant complained that the trial court overruled an application for a continuance in the beginning of the trial, but was acting in accordance with an understanding that the State near the close of the trial would be permitted to admit the truth of the facts set up in said application, but there was nothing in the record to justify any such complaint, there was no reversible error.

7.—Same—Argument of Counsel.

Where the argument of State's counsel was based upon the record there was no reversible error.

Appeal from the District Court of Hunt. Tried below before the Hon.° Wm. Pierson, judge.

Appeal from a conviction of murder; penalty, twelve years imprisonment in the penitentiary.

The opinion states the case.

*Neyland & Neyland, L. W. Thompson* and *B. O. Evans,* for appellant.—On question of admitting facts in application for continuance: Davis v. State, 54 id., 236.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—In this case appellant was convicted in the District Court of Hunt County for the offense of murder and his punishment fixed at twelve years confinement in the penitentiary.

An examination of the record discloses but four bills of exception which will be noticed by us in their regular order. The first bill of exceptions complains of the trial court's action in declining to grant appellant a new trial because of the misconduct of the jury. Touching this matter, the court heard evidence for and against the contention of appellant, and after hearing same overruled this ground of appellant's motion for new trial. The matter which is the basis of this complaint is not presented to us in such way as we are able to say whether the court's action was correct or not, as it is now the well settled law of this State by decisions of this court, that in order to present such matter of complaint the evidence heard by the court must be brought here for consideration by bill of exceptions containing the facts and evidence which must be filed during the term of the court. An examination of the record discloses that the term of court at which this trial was had adjourned on December 1, 1917, and the bill of exceptions containing the evidence and facts heard by the court in support of this ground of the motion for new trial, was not filed until February 25, 1918, and therefore such facts cannot be considered by us, and as stated, we are unable to determine whether the court correctly decided said isssue or not.

The appellant's second bill of exceptions was taken to the court's action in overruling his application for a continuance. A continuance was sought by the appellant because of the absence of the witnesses Brewer and Wheeler. The former was brought into court before the trial was concluded and tendered to the appellant as a witness by the State; and prior to the conclusion of the trial the State in open court admitted the truth of the matter which appellant set up in his application as to what he expected to prove by the witness Wheeler, and said matters were read to the jury and admitted by the State to be true. In this state of the record we see no error in the court's action in overruling the application for a continuance.

Bill of exceptions No. 3 was taken to the action of the court in permitting the argument of the private prosecuting counsel for the State made in his closing address to the jury. As stated by appellant in the bill the argument was very objectionable, but in the court's approval and explanation an entirely different statement is set forth of what was in fact said by the State's attorney in his argument, and as the same appears in the approval of the court, the contention of the appellant is wholly negatived and the argument was in no wise erroneous. There is no further controversy in the record over the matter and no bill of exceptions was taken by the appellant to the bill as approved and explained by the trial court. Accepting the court's statement in said approval as correct, there is no error shown in said bill of exceptions.

The remaining bill of exceptions in the record is to the court's refusal to grant appellant's motion for new trial generally. There is only one ground in said motion not covered by the objections already discussed herein, and that complains of the court's action in refusing to grant a new trial because of the alleged error of the court in refusing to permit appellant to re-examine the witness Patterson as to certain matters about which said witness had been interrogated upon cross-examination by the State. There is no separate and independent bill of exceptions in the record showing the facts surrounding this action of the court, and as presented we are unable to say if error was committed or not. When said witness Patterson testified to the reputation of appellant upon the point of his being a peaceable law-abiding citizen or otherwise, it became permissible for the State to ask said witness if he had not heard of certain specific matters affecting said reputation, but such examination should not have been extended to the particulars of such specific instances, and if appellant sat quietly, and without objection permitted the particulars of such specific instances to be inquired into he may not attempt upon re-direct examination, over objection, to interrogate said witness further as to such objectionable particulars. The well recognized rule is that when one silently permits objectionable matters to be introduced against him, he may not be heard to complain because he is not also permitted to violate the rules of evidence by further investigation of such objectionable matters.

There being no errors shown by the record in this case the judgment of the lower court is affirmed.

*Affirmed.*

ON REHEARING.

April 23, 1919.

LATTIMORE, Judge.—Appellant brings his case before us asking

for a rehearing and that we set aside our opinion rendered at a former time during this term.

In our original opinion we declined to consider the facts adduced in support of that part of appellant's motion for new trial setting up misconduct of the jury, because no statement of such facts as were brought before the court in support thereof, was filed during the said term of court at which the case was tried; neither was any bill of exceptions containing said evidence filed during said term. The settled law of this State, by the decisions of this court, requires that a statement of the facts in such case be filed during the trial term.

Appellant insists in this motion, that we were in error in our above holding, but a review of the record has confirmed us in the correctness of our opinion. There is no separate statement of such facts filed, and the only reference thereto is found in appellant's bill of exceptions No. 1 which was filed on February 25, 1918, long after the adjournment of said trial term of court. An examination of said bill of exceptions shows what purports to be the testimony adduced on said hearing, set out at length, but there is, nothing in said bill, or the approval of the same, which shows any filing of said statement during term time. Following said testimony, as set out in said bill, appears a blank agreement for the signature of the attorneys and an approval of said statement by the trial court which is not in any wise dated, and this is followed by a blank for the approval of the district clerk showing when the same was filed, but there are no dates in said certificates nor is the name of the district clerk appended thereto; and there is nothing in the bill, as stated before, which shows when said statement of facts was filed, if same was ever filed, and this bill of exceptions, as stated, was not filed until adjournment of the term.

It is also strongly urged in said motion that we were in error in holding that the trial court correctly overruled appellant's application for a continuance. He insists that it is error for the lower court to overrule an application for a continuance in the beginning of a trial, and thereafter let the accused try his case believing and relying upon the fact that reversible error has thus been committed by the court, when in fact, the court is acting in accordance with a secret agreement or understanding that the State is to be permitted near the close of the trial to admit the truth of the facts set up in said application, and thereby seek to deprive appellant of the benefit of such error.

Appellant bases his complaint on an erroneous assumption, to-wit: that there was some secret agreement shown on the part of the lower court in overruling said application, to the effect that he would later permit the State to admit the truth of the matters which appellant expected to prove by the absent witnesses. We have searched the record carefully to ascertain if there be anything on which such

assumption of appellant might be fairly based, and our conclusion is that the facts seem to warrant the opposite assumption, that the State had tried to find and bring into court the two absent witnesses, and did in fact produce one of them; but failing to find the other the State was then forced to the necessity of admitting the truth of the alleged testimony of said witness whom they could not find. This, we think, the State had a clear right to do. If the rule should be as appellant contends, and the State be compelled to make its admission of the truth of the facts set out in the application, at the time or before the court overruled same, it might easily result in studied efforts to keep witnesses away who might otherwise be found during the progress of trials; and it certainly would render nugatory the well settled rule that where it plainly appears from other testimony that the absent witness would not testify as alleged, or that such testimony is improbable and not likely true in such case the application is properly overruled. The application for a continuance because of the absence of a witness should be genuine and truthful and the party making same should state accurately as possible what said witness or witnesses would testify. The opposite party cannot be deprived of the right to bring such witnesses into court at any time before the evidence is concluded, nor do we see any weighty reason why the truth of such testimony may not be in like manner admitted when the personal presence of the witness is not had. If counsel wished this court to act upon the proposition that the trial court was a party to any proceeding to deprive appellant of any right, the same should be shown otherwise than by an argument.

Appellant further contends that we should have reversed the case because of the language used by the prosecution in the closing argument. It is apparent that appellant misunderstood our former opinion. We did not say in the same, as we are quoted in this motion, as having said: "The language used in the closing argument was very objectionable," but stated that the language of the prosecutor, as stated by the court in his qualification of the bill of exceptions, was in no wise erroneous. The language attributed to the prosecutor in the bill of exceptions as prepared and presented to the trial court by appellant, was very objectionable, but said court in approving said bill emphatically says that no such language was used, and appellant having accepted the bill in that form, we have no other option except to do likewise. We have again examined the argument, as stated by the court, and fined nothing erroneous therein. The statement in said argument that the State had found one of the absent witnesses and brought him to court, but were unable to find the other, and therefore admitted the truth of his testimony, seems to us not open to the criticism of appellant. It appears to have been repeatedly stated in said argument not only that the State had admitted as true, all the facts stated in said application, but also

that the jury were to consider them as true. This motion is strongly and ingeniously argued by appellant and we regret we are unable to agree with his learned counsel in the legal propositions announced.

Believing that the former opinion of this court is correct, the motion for rehearing is overruled.

*Overruled.*